## SUPREME COURT.

STEPHEN A. MARSTON, appellant, agt. HARRISON JOHNSON,
respondent.

A referee, who has reported his decision in an action, ought not to be required
to make a further report on the evidence taken at the trial, in amendment of,
or in addition to, the report made by him, upon a question of fact not specific-
ally raised by the pleadings.

The court will not set aside a judgment for the mere purpose of relieving a party
from the loss of the remedy by appeal, although from no fault or neglect on
his part.

*Monroe General Term, Sept.,* 1856.

T. R. STRONG, WELLES and E. DARWIN SMITH, Justices.

APPEAL from an order at special term, setting aside a judg-
ment on a report of a referee on terms, and directing a further
report.

N. T. STEPHENS, *for appellant.*

G. RATHBUN, *for respondent.*

By the court—T. R. STRONG, Justice. It does not appear
by the papers on the appeal, that the question upon which the

Marston agt. Johnson.

referee is directed by the order at special term to make a re-
port on the evidence taken at the trial, in amendment of, or in
addition to, the report made by him, is specifically raised by
the pleadings; and if it is not, there is no necessity for such
further report, and it ought not to be required. The fact to
which the question relates can then be important only as evi-
dence upon some issue actually made; and the issue being re-
ported upon in due form, in case a review is desired, the fact,
like all other facts which are mere evidence, must be brought
before the court in another manner.

Where a referee has passed upon all the issues formed by the
pleadings, so far as is material to a decision of the cause, stat-
ing the general facts found in respect to them and his conclu-
sions of law separately, he has discharged his whole duty in
respect to form. If his general facts are not warranted by, or
are contrary to, evidence, the remedy of the party aggrieved
for presenting the error is, by making a case within ten days
after notice of the judgment. (*Code*, §§ 272, 268. *See Lakin*
agt. *The New-York & Erie Railroad Co.*, 11 *How.* 413.)

The judgment, being regular, could not be set aside for the
mere purpose of relieving the defendant from the loss of the
remedy by appeal, although from no fault or neglect on his
part. (*Humphrey* agt. *Chamberlain*, 1 *Kernan*, 274.)

If the notice served, of the judgment, is insufficient—and
whether it is or not, the court do not now consider—it is still
in time to make a case and appeal.

The order appealed from must be reversed, with ten dollars
costs.